Chief Justice Robertson
delivered the opinion of the court.
Barclay and wife having sued Blackburn in detinue for a horse, and obtained judgment' against him, he sued Barclay by warrant, before a justice of the peace, on a charge for keeping the horse, and obtained a judgment, from which, Barclay appealed to the circuit court. On the trial in the circuit court, there was no proof of an express promise, by either Barclay or his wife, to pay for the keeping of the horse, but the only evidence was, in substance, that Mrs. Barclay, a sister of Blackburn’s wife, had lived with him for several years, as a member of his family, that he had given her a mare which had afterwards borne the horse recovered in the action of detinue, and that Blackburn had kept and used, both the mare and the colt as he kept and used-his own horses; that, after Mrs. Barclay’s marrriage, when her husband claimed the horse, Blackburn insisted that he was entitled to it in consideration of raising it, or was entitled to compensation for the keeping, and therefore, claimed it as his own.
The circuit court refused to instruct the jury to find, as in case of a non-suit, but stated to them, that the law implied a promise to pay for the keeping, pri- or to the time when Blackburn claimed the horse as his own, and that, to that extent, the judgment in detinue was no bar.
The jury accordingly found a verdifct for Blackburn for $15 in damages.
If an assumpsit resulted as an implication of law from the facts, the circuit court- did not err in its opinion as to the effect of the judgment in detinue, for that judgment could only have adjusted the account for keeping and for-service from the time of the detention. But we are of the opinion, that the circuit court misled' the jury, by telling them, that the law implied- an assumpsit. It was the province of the jury to decide the facts; and if they would. *116 have authorized a verdict for Blackburn, the opiniorj of the court ought not to have been given peremptorily, but hypothetically only.
When the jury are to de-cido upon controverted lacfs, court should instruct hypothetically.
Reid, for plaintiff; Mills and Brown, for defendant,-
Moreover, without intending to intimate what verdict the fuels would have authorized the jury to find, if they had been untrammelled by the opinion of the court, this court is no.t prepared to admit that the facts, even if all reasonable deductions from them had been indisputable, would have authorized the circuit court (o decide that the law implied an as-sumpsit; without any other evidence of an undertaking to pay, or of an obligation to pay, than the isolated fact, that Mrs. Barclay had lived with her brother-in-law as one of his family, the law would not necessarily imply a promise to pay for the keeping of her horse.
Wherefore, the judgment ojl the.circuit court is reversed, and the cause remanded for a new trial.